UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY R. BAKER, JR.,

                Plaintiff,

v.                                 Case No. 3:16-cv-1202-J-34MCR

JACKSONVILLE SHERIFF'S
OFFICE, et al.,

                Defendants.

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

     Plaintiff Anthony R. Baker, Jr., an inmate of the Duval County Jail in Jacksonville, Florida, initiated this action on September 21, 2016, by filing a Civil Rights Complaint Form (Complaint; Doc. 1) under 42 U.S.C. § 1983. In the Complaint, Baker names the Jacksonville Sheriff's Office and the Duval County Jail as the Defendants. He asserts that the Duval County Jail did not transport him to the Duval County Courthouse for a July 28, 2016 temporary custody hearing relating to his son, and he ultimately lost custody of his son. He states that he told an officer about the hearing, but the officer stated he was not scheduled for court that day. As relief, he seeks monetary damages and requests the Court to direct the jail officials to stop harassing him.

     The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per

curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriquez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman, 739 F.2d 553, 556-57 (11th Cir. 1984). "Moreover, 'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendants.

Baker names the Duval County Jail and Jacksonville Sheriff's Office as Defendants. Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. Dean v. Barber, 951 F.2d 1210, 1214–15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit). "Florida law has not established Sheriff's offices as separate legal entities with the

3

capacity to be sued." Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013). Thus, a district court does not err in dismissing a claim against a Florida Sheriff's office. Id. Likewise, "Florida law does not recognize a jail facility as a legal entity separate and apart from the Sheriff charged with its operation and control." Monroe v. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) (citing Chapter 30, Florida Statutes); see Mellen v. Florida, No. 3:13-cv-1233-J-34PDB, 2014 WL 5093885, at *8 (M.D. Fla. Oct. 9, 2014). Because the Duval County Jail and Jacksonville Sheriff's Office are not legal entities amenable to suit, Baker fails to state a § 1983 claim upon which relief may be granted against them.

For the foregoing reasons, this case will be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), without prejudice to Plaintiff's right to refile his claims, if he elects to do so, under 42 U.S.C. § 1983 against the proper defendants and with sufficient factual allegations to support a claim under § 1983. The Clerk of Court will be directed to provide a civil rights complaint form and Affidavit of Indigency form to Plaintiff. If Plaintiff chooses to refile a civil rights complaint in this Court to address any alleged federal constitutional violations, he must submit a fully completed civil rights complaint form with an original signature and must submit a copy of the form for each Defendant for service of process. Moreover, Plaintiff must either

pay the $400.00 filing fee or file a fully completed Affidavit of Indigency form.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of Court shall send a civil rights complaint form and an Affidavit of Indigency form to Plaintiff. If Plaintiff elects to initiate a civil rights action, Plaintiff shall *either* file a fully completed Affidavit of Indigency (if Plaintiff desires to proceed as a pauper) **or** pay the $400.00 filing fee (if Plaintiff does not desire to proceed as a pauper). Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims.

3. The Clerk of Court shall enter judgment dismissing this case without prejudice, closing this case and terminating any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of September, 2016.

MARCIA MORALES HOWARD
United States District Judge

sc 9/23
c:
Anthony R. Baker, Jr.